FILED
2026 Mar-10 PM 03:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 7



September 16, 2025

*Via U.S. Mail and email*
Jennifer Pearson, Director
Amy Patton, Deputy Director
Tuscaloosa Public Library
1801 Jack Warner Parkway
Tuscaloosa, Alabama 35401

    Re:    Tuscaloosa Public Library's exclusion of Eagle Forum of Alabama

We represent Eagle Forum of Alabama, which recently sought to use Tuscaloosa Public Library ("Library")'s Rotary Room for two events but was excluded because of the group's religious exercise and speech.

By way of introduction, Alliance Defending Freedom ("ADF") promotes the freedom of every person to live and speak the truth. Among other rights, ADF is dedicated to ensuring freedom of speech, religious freedom, and parental rights. And we have a track record of success.[1]

## **FACTUAL BACKGROUND**

Eagle Forum is a non-profit corporation that supports the "fundamental doctrine that we owe our existence to a Creator who has endowed each of us with unalienable rights" and "supports Holy Scriptures as providing the best code of moral conduct yet devised." Eagle Forum Bylaws, Art. III. Eagle Forum opens and closes its meetings with prayer and incorporates Scripture in many Eagle Forum events.

---

[1] *See, e.g.*, *303 Creative, LLC v. Elenis*, 600 U.S. 570 (2023); *Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595 (2021); *Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021); *March for Life Educ. & Def. Fund v. California*, 141 S. Ct. 192 (2020); *Thompson v. Hebdon*, 589 U.S. 1 (2019); *Nat'l Inst. of Fam. & Life Advoc. v. Becerra*, 585 U.S. 755 (2018); *Masterpiece Cakeshop, Ltd. v. Colo. Civil Rts. Comm'n*, 584 U.S. 617 (2018); *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U.S. 449 (2017); *Zubik v. Burwell*, 578 U.S. 403 (2016) (victories for S. Nazarene Univ. and Geneva Coll.); *Reed v. Town of Gilbert*, 576 U.S. 155 (2015); *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014); *Town of Greece v. Galloway*, 572 U.S. 565 (2014); *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125 (2011).

Jennifer Pearson
Amy Patton
September 16, 2025
Page 2

Eagle Forum reserved the Tuscaloosa Public Library's Rotary Room for meetings on August 2 and August 16. The August 2 event discussed recent political events and how Christian Scripture informs the narratives around the events. The August 16 event would have been a special reading of the U.S. Constitution.

On July 11, 2025, the Library cancelled both reservations, citing the "political and social climate." Ms. Patton's August 5 letter confirmed the cancellations, relying on the Library's policy barring "meetings of religious or sectarian groups for the purpose of preaching or otherwise demonstrating the beliefs of their members."

Yet the Library otherwise allows nonprofit cultural, educational, and intellectual groups to use the Rotary Room on a first-come, first-serve basis. Indeed, recent events in the same space included a "House Healer," a magician and historian presenting on the history of magic, Drum Nation, Bright Star Touring Theatre, and Bobby the Balloon Guy. The Library has singled out Eagle Forum because its speech includes religious expression. That is unconstitutional.

## LEGAL ANALYSIS

The First Amendment's Free Speech Clause prohibits viewpoint discrimination in a public forum. When a government body opens its facilities to outside groups, it cannot exclude groups based on their religious viewpoint. See *Widmar v. Vincent*, 454 U.S. 263 (1981) (university violated Free Speech Clause by excluding Christian worship services from campus facilities); *Lamb's Chapel v. Ctr. Moriches Union Free Sch. Dist.*, 508 U.S. 384 (1993) (school could not deny access to show a film on family values from a Christian perspective); *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98 (2001) (school violated free speech rights by excluding a Christian club). Most recently, in *Shurtleff v. City of Boston*, 596 U.S. 243 (2022), the Court unanimously held that Boston engaged in unconstitutional viewpoint discrimination by refusing a request to raise a Christian flag in a forum otherwise open to a wide variety of private groups.

The Library's policy also violates the Free Exercise Clause. The Supreme Court has made clear that government cannot exclude individuals or groups from generally available public benefits because of their religious character or religious exercise. *See Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U.S. 449 (2017) (state could not bar churches from playground resurfacing grants); *Espinoza v. Mont. Dep't of Revenue*, 591 U.S. 464 (2020) (state could not exclude religious schools from scholarship program); *Carson v. Makin*, 596 U.S. 767 (2022) (state could not exclude religious schools from tuition assistance). As the Court explained

Exhibit 7 Page 2 of 3

Jennifer Pearson
Amy Patton
September 16, 2025
Page 3

in *Carson*, excluding groups because they engage in religious expression is just as unconstitutional as excluding them for their religious identity.

By cancelling Eagle Forum's reservations based solely on its religious viewpoint and exercise, the Library has violated both the Free Speech and Free Exercise Clauses. The Establishment Clause offers no justification: the Supreme Court has repeatedly held that when a private citizen initiates religious expression, the government does not endorse the religious speech. *Lamb's Chapel*, 508 U.S. at 395; *Good News Club*, 533 U.S. at 113–19.

## DEMAND

Eagle Forum respectfully asks the Library to reverse its decision and allow the group to use the Rotary Room on equal terms with other community organizations. The Library's policy and actions plainly violate the Constitution. Eagle Forum hopes to resolve this matter amicably but is prepared to pursue all necessary legal remedies if the discrimination continues.

We look forward to your response by September 23, 2025.

Sincerely,

Ryan J. Tucker

cc:     Eagle Forum of Alabama

Exhibit 7 Page 3 of 3